639 F.2d 271
 25 Fair Empl.Prac.Cas. 553,
25 Empl. Prac. Dec. P 31,625
Luis A. CALDERON, Plaintiff-Appellant,
v.
MARTIN COUNTY, Martin County Sheriff's Department, and James
D. Holt, Individually and in his capacity as
Sheriff of Martin County, Defendants-Appellees.
 No. 79-2026.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B
 March 13, 1981.
 Joel G. Contreras, Robert J. Ruiz, Ann Corinne Hill, San Francisco, Cal., for plaintiff-appellant.
 J. David Richeson, North Palm Beach, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before GODBOLD, Chief Judge, TJOFLAT and VANCE, Circuit Judges.
 TJOFLAT, Circuit Judge:
 
 
 1
 A Florida deputy sheriff brought this civil rights action, under Title VII of the Civil Rights Act of 1964,[1] claiming that he was discharged from his position because of his national origin. The district court concluded that a deputy sheriff in Florida is not an "employee" of the state, or a political subdivision thereof, and dismissed the plaintiff's complaint for failing to allege a federal claim. We think the complaint allegations present the factual question of whether the deputy is an employee within the meaning of Title VII, and therefore vacate the dismissal and remand the case for further proceedings.
 
 
 2
 * The Martin County Sheriff's Department hired Luis A. Calderon, a United States citizen of Mexican descent, as a deputy sheriff. After he was on the job for approximately three-and-a-half months, however, the Department dismissed him from this position. Calderon, claiming that he was discharged because of his national origin, subsequently sued Martin County, the Martin County Sheriff's Department, and Sheriff James D. Holt in federal court, seeking damages and equitable relief under Title VII of the Civil Rights Act of 1964, as amended.
 
 
 3
 Shortly after Calderon filed his complaint, the defendants moved pursuant to Federal Rule of Civil Procedure 12(b) to dismiss the complaint with prejudice for failure to state a claim upon which relief could be granted. They argued that Calderon was not an "employee" within the meaning of 42 U.S.C. § 2000e(f) (1976).[2] First, they claimed, Florida law recognizes no employer-employee relationship between a sheriff and his deputy sheriff because they are the same legal entity. Second, even if an employer-employee relationship exists, Calderon was exempted from coverage because, as a sheriff's deputy, he was either a member of an elected sheriff's personal staff or an "appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers" of the sheriff. Record at 48 (quoting 42 U.S.C. § 2000e(f) (1976)). Calderon, in turn, argued that the court lacked sufficient factual data to determine his status as an employee under Title VII, and that Florida case law should not control the issue.
 
 
 4
 Purporting to rely on two prior federal cases for precedent, Howard v. Ward County, 418 F.Supp. 494 (D.N.D.1976), and Kyles v. Calcasieu Parish Sheriff's Department, 395 F.Supp. 1307 (W.D.La.1975), the district court turned to Florida law to determine plaintiff's status. It found that, in determining the status of deputy sheriffs for purposes other than Title VII, the Florida courts had held them to be "appointees," rather than "employees."[3] The court concluded that it could not "ignore such a clear and unequivocal statement on the legal status of a deputy sheriff in this State, articulated by the State's highest Court." Record at 76. Accordingly, it held Calderon not to be an "employee" for purposes of Title VII, and granted defendants' motion to dismiss.
 
 II
 
 5
 We must reverse the dismissal because a plaintiff's status as an employee under Title VII is a question of federal, rather than of state, law; it is to be ascertained through consideration of the statutory language of the Act, its legislative history, existing federal case law, and the particular circumstances of the case at hand. See generally McClure v. Salvation Army, 460 F.2d 553, 556-7 (5th Cir.), cert. denied, 409 U.S. 896, 93 S.Ct. 132, 34 L.Ed.2d 153 (1972); Howard v. Ward County, 418 F.Supp. 494, 502-3 (D.N.D.1976); Smith v. Dutra Trucking Co., 410 F.Supp. 513, 515-17 (N.D.Cal.1976), aff'd, 580 F.2d 1054 (9th Cir. 1978); Wall v. Coleman, 393 F.Supp. 826 (S.D.Ga.1975). State law is relevant insofar as it describes the plaintiff's position, including his duties and the way he is hired, supervised and fired.[4] A state court determination that a particular type of worker is not an "employee" for purposes of state statutes, however, does not in itself resolve the issue of whether that worker is an employee for purposes of Title VII. See Morgan v. Sheriff of Tangipahoa Parish, 23 Empl.Prac.Dec. P 31,063 (E.D.La.1979). Congress amended Title VII specifically to bring "governments, governmental agencies, (and) political subdivisions" under the Act's requirements. Equal Employment Opportunity Act of 1972, Pub.L.No. 92-261, 86 Stat. 103 (codified at 42 U.S.C. § 2000e(a) (1976)). It would defeat the purpose of the amendment to allow the state governments themselves to designate which of their workers will receive Title VII protection. In addition, having each state determine when Title VII will apply would create an unmanageable lack of uniformity in the application of the Title VII provisions.
 
 
 6
 We remand this case to the district court to make further factual findings about the nature and circumstances of Calderon's position as a deputy sheriff and to consider whether, in light of the language and history of Title VII, Congress intended that one in that position receive the protection of the act.
 
 
 7
 REMANDED.
 
 
 
 [1]
 42 U.S.C. § 2000e-2000e-17 (Supp.1978)
 
 
 [2]
 42 U.S.C. § 2000e(f) (1976) provides as follows:
 The term "employee" means an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision.
 
 
 [3]
 The court relied on Murphy v. Mack, 358 So.2d 822 (Fla.1978) (holding that a deputy sheriff is not an "employee" for purposes of the Florida Public Employees Relations Act, Fla.Stat.Ann. § 447.201, et seq. (West Supp.1980)); and Blackburn v. Brorien, 70 So.2d 293 (Fla.1954) (holding deputies exempt from the Florida civil service laws)
 
 
 [4]
 Cf. Hander v. San Jacinto Junior College, 519 F.2d 273, 278 (5th Cir. 1975) (Under the eleventh amendment, the immunity of a political subdivision to suit in federal court is a question of federal law, but the court must examine the powers, characteristics, and relationships bestowed upon the subdivision through state law in order to decide if the requisites for immunity are met.)