Lawrence A. FASSLER Petitioner—Appellant,

v.

John PENDLETON, Warden Respondent–Appellee.

No. 00–15675.

D.C. No. CV–99–620–TUC–WDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2002.

Decided April 25, 2002.

Before HUG and TASHIMA, Circuit Judges, and SEDWICK, District Judge.*

MEMORANDUM **

Lawrence Fassler ("Fassler") appeals the district court's decision respecting his petition for habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2241, and we review *de novo* the district court's decision to deny a petition for habe-

as corpus. *Bowen v. Hood,* 202 F.3d 1211, 1218 (9th Cir.2000). We affirm. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

Parole revocation, unlike criminal prosecution, deprives an individual only of his or her "conditional" liberty. Nevertheless, because there is a liberty interest involved, *some* process is due under the due process clause of the Constitution. *Morrissey v. Brewer,* 408 U.S. 471, 482, 484–89, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Fassler complains that the Parole Commission's delay in holding a hearing violated his right to due process. To establish such a due process violation, a parolee must establish first that the Commission delayed in holding a hearing, *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (stating that the length of the delay is the "triggering mechanism"), and, second, that the "commission's delay in holding a revocation hearing was both unreasonable *and* prejudicial." *Vargas v. U.S. Parole Comm'n,* 865 F.2d 191, 194 (9th Cir.1988) (emphasis added) (citations omitted).

The Commission failed to hold a final revocation hearing within the 90 days contemplated by the statutes and regulations pertaining to parole. 18 U.S.C. § 4214; 28 C.F.R. §§ 2.48, 2.49. Courts do not often find a due process violation absent a showing of prejudice to one's defense. *See Hopper v. U.S. Parole Comm'n,* 702 F.2d 842, 845 (9th Cir.1993); *see also Cowart v. Hargett,* 16 F.3d 642, 647 (5th Cir.1994). Fassler is unable to show any prejudice to his defense. He states only that the delay "created the possibility his defense would be prejudiced by loss of witnesses over

---

* Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

time." This speculative statement, however, is unsupported by any further discussion or evidence.[1] Fassler's reliance on *U.S. v. Solomon*, 753 F.2d 1522 (9th Cir. 1985) *superseded on other grounds by Daubert v. Merrell Dow Pharm. Inc.*, 43 F.3d 1311 (9th Cir.1995), to show that he has suffered prejudice, is misplaced. That case concerned a defendant's right to a speedy trial, a right that implicates "absolute liberty." Moreover, although that case explained that prejudice to one's defense is not essential, in fact, the court went on to hold that the defendant's allegations of personal prejudice and disruption to his life were not significant enough to be a violation of due process in light of the relatively short delay of only six months. *Solomon*, 753 F.2d at 1527.

Fassler's cursory allegations of anxiety and oppressive incarceration are also insufficient to demonstrate prejudice. His allegations of anxiety are insufficient because they are indistinguishable from that all other parolees' experience when arrested for alleged parole violations. *United States v. Mohawk*, 20 F.3d 1480, 1486 (9th Cir.1994) (citations omitted) (requiring that petitioner show he experienced anxiety and concern greater than other prisoners). Additionally, the mere fact of his incarceration does not establish prejudice in light of this court's affirmance of the Commission's revocation of his parole in Case No. 00–16168. *See U.S. v. Tucker*, 8 F.3d 673, 676 (9th Cir.1993) (incarceration not oppressive where appeal without merit).

We further find that Fassler fails to provide any evidence demonstrating that his parole officer or the Commission acted in "bad faith." The instances that he cites show, at most, negligence; however, negligence in fulfilling a duty is insufficient to show bad faith. *Villafuerte v. Stewart*, 111 F.3d 616, 624 (9th Cir.1997). Thus, Fassler has not made the requisite showing that there has been a due process violation.

AFFIRMED.

---

1. In the memorandum disposition in Case No. 00–16168, we address a more specific claim not raised here, Fassler's claim of a due process violation as the result of the Commission's inability to find the primary witness, Charlotte Royer.