United States Court of Appeals
Fifth Circuit

**F I L E D**

May 25, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

No. 06-30469

PAMELA VAN BUREN,

Plaintiff-Appellant,

VERSUS

STEPHANIE CAVE, M.D.; ABC INSURANCE COMPANY; SHERRY BLACKWELL;
and JERI MURPHY,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana

(3:04-CV-152)

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant Pamela Van Buren ("Van Buren") appeals the dismissal of her § 1983 lawsuit. For the reasons stated below, we reverse and remand to the district court for further proceedings.

I.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

In 2001, Van Buren sought the medical services of Dr. Stephanie Cave ("Dr. Cave") for a "serious illness" that "impaired her ability to function." At or around the time medical services were rendered, Van Buren wrote three checks to Dr. Cave: (1) a $170.00 check for various herbs and supplements; (2) a $500.00 check to cover the $375.00 office visit plus a portion of the costs for testing; and (3) a $2832.00 check to cover the remaining costs for testing. According to Van Buren, she told the doctor's office that she did not have $2832.00 in her account at that time to cover the third check and requested that they refrain from cashing the third check until she contacted them. All three checks were promptly presented for payment and the $2832.00 check was returned unpaid. Dr. Cave's office later apologized for presenting the $2832.00 check for payment and requested and received a replacement check for $2862.00 (which included a $30.00 charge for the returned check). When Van Buren gave Dr. Cave's office the replacement check, she again requested that they refrain from presenting the check until she notified them that she had sufficient funds in her account. Ten months passed, and Dr. Cave's office presented the replacement check for payment without contacting Van Buren. The check was returned unpaid.

Shortly thereafter, Sherry Blackwell ("Blackwell"), one of Dr. Cave's employees, contacted the District Attorney for East Baton Rouge Parish, Louisiana for the purpose of bringing charges against Van Buren for writing a worthless check. Jeri Murphy ("Murphy"), Ex Officio Notary Public for the 19th Judicial District Court, prepared and notarized an affidavit in which

2

Blackwell swore that Van Buren "unlawfully and feloniously, with intent to defraud, violated LA R.S. 13:71, by issuing a worthless check in the amount of $2862.00 drawn on Whitney [Bank] knowing at the time of issuing said check there was not sufficient credit with said bank for the payment in full of such check upon its presentation." Blackwell also swore that the check was returned "ACCOUNT CLOSED."[2] Based on this affidavit, the district attorney's office procured an arrest warrant, had Van Buren arrested, and prosecuted Van Buren for issuing worthless checks. Ultimately, Van Buren was acquitted of all charges. She then brought a civil lawsuit against Murphy, Dr. Cave, and Blackwell in federal district court.[3]

In her complaint, Van Buren alleged civil rights violations under 42 U.S.C. § 1983 and false arrest, malicious prosecution, and intentional infliction of emotional distress under Louisiana state law. Murphy filed a motion to dismiss under Rule 12(b)(6), arguing that any actions she took with respect to Van Buren's case (and she denied taking any illegal actions) were taken as an employee of the District Attorney in furtherance of the District Attorney's prosecutorial duties and that accordingly she was entitled to absolute immunity.[4] The district court granted

_____

[2] In her complaint, Van Buren emphasizes that the check was returned "NSF," indicating insufficient funds in her account. This is relevant, according to Van Buren, because the prosecutor had a lower burden of proof under the facts sworn by Blackwell.

[3] Van Buren also named Dr. Cave's insurer, ABC Insurance Company, as a defendant. She does not pursue ABC Insurance Company on appeal.

[4] Murphy argued in the alternative (1) that as a state actor, she was not a "person" under § 1983 subject to suit and (2)

3

Murphy's motion and dismissed her as a defendant. The district court subsequently dismissed the remainder of Van Buren's claims sua sponte for lack of jurisdiction. According to the court, federal jurisdiction was lacking once Murphy was dismissed because the remaining defendants were not state actors subject to suit under § 1983 and the court did not have independent jurisdiction over the state law claims. Van Buren timely filed a notice of appeal.

## II.

This Court reviews dismissals for lack of subject matter jurisdiction and failure to state a claim de novo, construing the dismissed complaint in the light most favorable to the plaintiff and accepting all well-pleaded facts as true. *See Johnson v. Hous. Auth. of Jefferson Parish*, 442 F.3d 356, 359 (5th Cir. 2006).

In her first point of error, Van Buren argues that the district court erred by dismissing Murphy as a defendant on grounds of absolute immunity. She contends that Murphy is not entitled to absolute immunity with respect to her actions in initiating and pursuing judicial proceedings against Van Buren because in so doing, Murphy knowingly prepared and notarized a false affidavit. Van Buren equates knowingly preparing and notarizing a false affidavit with fabricating false evidence, and she cites *Buckley v. Fitzsimmons*, 509 U.S. 259, 275 (1993), for the proposition that prosecutorial immunity is not available to a

---

that she was entitled to qualified immunity because she acted in good faith. The district court did not address these alternative grounds for dismissal.

prosecutor who "fabricat[es] false evidence during the preliminary investigation of an unsolved crime." Murphy does not present a brief on appeal.

Generally, a prosecutor is entitled to absolute immunity "in initiating a prosecution and in presenting the state's case." *Buckley*, 509 U.S. at 270 (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). This immunity would even protect a prosecutor who fabricated false evidence while engaging in the above functions. *See id.* However, there is a fine line between "a prosecutor's acts in preparing for those functions, some of which would be absolutely immune, and his acts of investigation or 'administration,' which would not." *Id.* In *Buckley*, the Supreme Court tried to define the fine line between the prosecutor qua investigator, who is not entitled to absolute immunity, and the prosecutor qua advocate, who is. *Id.* at 270-75. In this case, Van Buren contends that Murphy falls to the investigator side of this fine line, and that she is therefore not entitled to absolute immunity for her alleged fabrication of false evidence.

Assuming a notary working under the direction of a prosecutor is entitled to the same immunity to which her boss is entitled when she engages in conduct intimately associated with the judicial process,[5] then the issues we face are (1) whether Murphy can be said to have fabricated false evidence under the facts alleged in Van Buren's complaint and (2) if Murphy can be said to have fabricated false evidence under those facts, whether

---

[5]    Van Buren does not argue that a notary is never entitled to absolute immunity, only that Murphy specifically is not entitled to absolute immunity because she "fabricat[ed] false evidence."

she was acting as an "investigator" or an "advocate" at that time. We conclude that Murphy can be said to have fabricated false evidence under the facts pleaded by Van Buren and that she was acting as an investigator when she did. However, we think it important to note that our decision is based only on the allegations pleaded by Van Buren. Our decision should not be read as a blessing of Van Buren's claims against Murphy, and we would not reverse if we were not bound by the mandate that we affirm only where we can conclude that the plaintiff "would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *See Muhammad v. Dallas County Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 379-80 (5th Cir. 2007).

Van Buren alleges in her complaint that

(26) Defendant Blackwell swore out an affidavit for the purpose of having Plaintiff arrested. The warrant was prepared by and notarized by Defendant Murphy and gave the reason for the arrest as being that the post-dated check Plaintiff had given was given on an "ACCOUNT CLOSED," which affidavit was false and known by Defendant Blackwell and Defendant Murphy to be false.

(35) . . . When Defendant Murphy prepared the false affidavit of Defendant Blackwell, both Defendants knew or should have known the Two Thousand Eight Hundred and Sixty-two and No/100 ($2862.00) Dollar check was to be held until notice it would clear and no notice had been given. Defendant Murphy, also, knew from the check itself that Defendant Cave had held the check for ten (10) months before depositing it. Defendant Murphy, also, knew that the check had been returned "NSF" but prepared an affidavit that it was returned "ACCOUNT CLOSED." The district attorney had a lesser burden of proof on an "account closed" check.

Taking these allegations as true, as we must, *see Johnson*, 442

6

F.3d at 359, it can be said that Murphy prepared and notarized a false affidavit with knowledge of the document's falsity during the process of initiating judicial proceedings against Van Buren. This conduct is tantamount to fabricating false evidence. Under *Buckley*, the question then becomes whether Murphy was acting as an investigator or a prosecutor when she engaged in this conduct. One black letter rule that can be gleaned from *Buckley* is that "A prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested." 509 U.S. at 274. In *Buckley*, the Court held that the prosecutor had not had probable cause to arrest the defendant at the time he allegedly fabricated false evidence where the alleged fabrication occurred well before a special grand jury was empaneled to investigate the case, which in turn occurred months before the defendant was finally arrested. *Id.* at 275. Here, although the timeline is much shorter, probable cause clearly did not exist before Blackwell approached Murphy to begin the process of initiating proceedings against Van Buren. Accordingly, Murphy was acting as an investigator, not an advocate, when she prepared and notarized Blackwell's affidavit, and the district court therefore erred in dismissing her as a defendant under Rule 12(b)(6) on grounds of absolute immunity. Because Murphy has not presented a brief on appeal pursuing the alternative arguments she raised before the district court, we leave it to that court to determine whether Murphy may be entitled to immunity on other grounds.

Further, because the district court erred in dismissing Murphy as a defendant, it necessarily follows that the court erred in dismissing Van Buren's claims against Dr. Cave and

7

Blackwell for lack of jurisdiction.

                              III.

    For the above reasons, we REVERSE the decisions of the district court dismissing Murphy as a defendant and dismissing Van Buren's claims against Dr. Cave and Blackwell, and we REMAND for further proceedings consistent with this decision.


GARWOOD, Circuit Judge, notes his dissent.