# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-51148

LEROY ANTHONY BACA, et al.,

Plaintiffs-Appellants,

v.

RISSI L. OWENS, et al.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-cv-01009-SS

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants, over five hundred Texas inmates and parolees, appeal the district court's dismissal of their suit challenging various policies and procedures of the Texas Board of Pardons and Parole ("TBPP"). Because we agree that Plaintiffs have failed to state a claim for relief, we affirm the decision of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

On December 5, 2005, Plaintiffs filed this § 1983 suit against the Board Members and the Parole Commissioners of the TBPP; the Chair of the Texas Board of Criminal Justice ("TBCJ"); the Executive Director, the Corrections Institutions Director, and various administrators of the Texas Department of Criminal Justice ("TCDJ") (collectively, "State Officials"), in their official and individual capacities.[1] Plaintiffs sought monetary damages, declaratory relief, prospective injunctive relief, and habeas corpus relief, as well as class certification under Federal Rule of Civil Procedure 23.

In their Fourth Amended Complaint, the most recent live pleading, Plaintiffs sought declaratory and injunctive relief and asserted the following federal claims challenging Texas's parole policies and procedures: violation of Separation of Powers; violation of the Sixth Amendment right to jury trial; violation of the Fifth Amendment Double Jeopardy clause; violation of Article 1, Section 10, the Ex Post Facto clause; and violation of the Thirteenth Amendment's prohibition of involuntary servitude. Plaintiffs also sought class certification. The State Officials filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss all federal claims on December 15, 2006, and the district court held a hearing on the motion on June 21, 2007. On August 28, 2007, the district court granted the State Officials' motion to dismiss, denied the Plaintiffs' motion for class certification, and entered final judgment for the State Officials dismissing the Plaintiffs' claims. Plaintiffs appealed.

---

[1] Defendants Rissi L. Owens, Jose Aliseda, Jr., Charles Aycock, Jackie DeNoyelles, Linda Garcia, Juanita M. Gonzales, and Elvis Hightower are members of the TBPP. Defendants Gerald Garrett, Thomas G. Fordyce, Pamela D. Freeman, James Paul Kiel, Jr., James C. Poland, Lynn Ruzicka, Edgar Morales, Charles Shipman, Charles C. Spier, and Howard A. Thrasher, Sr. are Parole Commissioners. Defendant Christina Melton Crain is the Chair of the TBCJ. Brad Livingston is the Executive Director of the TDCJ; Nathaniel Quarterman is the Director of the Correctional Institutions Division of TDCJ; Pamela Williams is a Deputy Director for Support Services of the Correctional Institutions Division of TDCJ; and Rebecca Price is Assistant Director for Classification and Records.

On appeal, Plaintiffs do not challenge the district court's denial of their motion for class certification, nor do they challenge the district court's dismissal of their claims under the Double Jeopardy Clause, the Ex Post Facto Clause, or for involuntary servitude. Plaintiffs appeal only the denial of their Separation of Powers, Sixth Amendment, and due process claims.

II.

We review de novo a district court's Rule 12(b)(6) dismissal of a complaint. Muhammad v. Dallas County Cmty. Supervision & Corr. Dep't, 479 F.3d 377, 379 (5th Cir. 2007). In construing the complaint in a light most favorable to the plaintiff, this court affirms a 12(b)(6) dismissal if we determine that the plaintiff "would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." Id. at 379-80 (internal quotation omitted).

III.

To the extent that Plaintiffs' complaint alleges a claim under the federal Separation of Powers doctrine, the district court's dismissal of this claim was proper. Plaintiffs' claims involve only state branches of government. Accordingly, they have not established a federal constitutional violation based on the Separation of Powers doctrine. See Sweezy v. New Hampshire, 354 U.S. 234, 255 (1957).

IV.

Plaintiffs next contend that their Sixth Amendment "jury rights" are violated "when administrators consider core questions of guilt or innocence, followed by a conviction of new criminal behavior which modifies a judicial decree in such a way that serving the sentence becomes clearly more severe." Beyond this bare assertion, Plaintiffs provide no legal or factual support for their argument that the Sixth Amendment is implicated by Texas's parole policies and

3

procedures.[2] As such, they are deemed to have abandoned this claim on appeal. See FED. R. APP. P. 28(a)(9); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (stating that this court will not raise and discuss legal issues that an appellant has failed to assert). In any event, Plaintiffs' argument is without merit. It is well-settled that parole is "part of the penalty for the initial offense," Johnson v. United States, 529 U.S. 694, 700 (2000), and that "once the original sentence has been imposed in a criminal case, further proceedings with respect to that sentence [have not been] subject to Sixth Amendment protections." United States v. Work, 409 F.3d 484, 491 (1st Cir. 2005); United States v. Hinson, 429 F.3d 114, 119 (5th Cir. 2005) (holding that defendant is not entitled to a jury trial to determine whether terms of supervised release have been violated).

V.

Plaintiffs also assert a number of due process violations. First, they contend that the TBPP violates Plaintiffs' due process rights by considering factors not published in either the Texas Government Code or Texas Administrative Code, such as the nature of the crime and past criminal history, when making a parole determination. Plaintiffs maintain that the statutorily and administratively mandated parole suitability factors are not being taken into account, and that the TPBB's reliance on "unchanging" factors constitutes a due process violation. Second, Plaintiffs assert that parolees facing revocation are not being given timely preliminary and revocation hearings in violation of their due process rights.

The protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a

---

[2] The one case cited to by Plaintiffs, Johnson v. T.D.C.J., 910 F. Supp. 1208, 1229 (W.D. Tex. 1995) is inapposite for two reasons. First, the case does not address the Sixth Amendment right to jury trial. Second, the case was overruled by this circuit in Johnson v. Rodriguez, 110 F.3d 299 (5th Cir. 1997).

protected liberty or property interest. See, e.g., Olim v. Wakinekona, 461 U.S. 238, 250-251(1983); Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997). Texas law does not create a liberty interest in parole that is protected by the Due Process Clause, and Texas prisoners have no constitutional expectancy of release on parole. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997); Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995).[3] "It is therefore axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." Johnson, 110 F.3d at 308. Therefore, as Plaintiffs' first due process claim relates solely to the parole policies and procedures, the district court did not err in dismissing this claim. See Orellana, 65 F.3d 29 at 31(denying claim that parole review procedures deny due process because they give no advance written notice of hearings, no opportunity to be heard, and deny access to materials and right to be accompanied by person of choice); Brandon v. District of Columbia Bd. of Parole, 823 F.2d 644, 649 (D.C. Cir. 1987) (holding that "procedures adopted by the state to guide its parole release determinations are not themselves liberty interests entitled to constitutional due process protection").

In contrast, parole revocation hearings do come within the protection of the due process clause. Morrissey v. Brewer, 408 U.S. 471, 482 (U.S. 1972). In the parole revocation context, due process requires that a parolee be given, "as promptly as convenient," a "'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has

---

[3] Plaintiffs rely on Biggs v. Terhune, 334 F.3d 910, 917 (9th Cir. 2003), which noted that: "A continued reliance in the future on an unchanging factor, the circumstance of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." However, that case is inapposite because, unlike the Texas parole scheme, "California's parole scheme gives rise to a cognizable liberty interest in release on parole." Id. at 914.

committed acts that would constitute a violation of parole conditions." Id. at 485. The parolee must also have an opportunity for a hearing prior to the final decision on revocation by the parole authority, tendered within a reasonable time after the parolee is taken into custody. Id. at 488. "This hearing must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." Id. To establish a due process violation based on the untimeliness of a parole revocation proceeding, a plaintiff must show more than an unreasonable delay; "[t]he parolee must also show that actual prejudice was caused by the unreasonable delay." Villarreal v. United States Parole Com., 985 F.2d 835, 837 (5th Cir. 1993).

Here, Plaintiffs' complaint alleges that the State Officials have a practice and procedure of delaying both the preliminary hearing and the parole revocation hearing for months, and in some cases, as much as a year. However, the district court found that Plaintiffs failed to demonstrate that they suffered any actual prejudice from this delay. We agree. Plaintiffs contend that they were prejudiced in two ways. First, they argue that because of the delay "the parole decision-maker is compelled to find a violation or create one if none exists, due to the possibility of a lawsuit for wrongful incarceration." Second, they allege that parole-decision makers will be less likely to impose less forms of punishment, such as community service, because this "would also be an admission that the lengthy pre-hearing detention was unwarranted." Plaintiffs, however, do not list a single example of either of these possibilities of prejudice actually occurring. Instead, Plaintiffs' allegations of prejudice are based on mere speculation, and as such, are insufficient to demonstrate the actual prejudice required to support their claim of a due process violation. See id. at 838 (rejecting parolee's claim of prejudice where parolee offered nothing but conclusory allegations in support of his claims of prejudice); Fassler v. Pendleton,

40 Fed. App'x 379, 380 (9th Cir. 2002) (parolee's speculative assertion that delay "created the possibility his defense would be prejudiced by loss of witnesses over time" insufficient to support allegation of due process violation).  Therefore, the district court did not err in dismissing this claim.

VI.

For the reasons set forth above, the judgment of the district court is AFFIRMED.