# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40255
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2019

Lyle W. Cayce
Clerk

KELLY WEEKS,

      Plaintiff - Appellant

v.

TEXAS A & M UNIVERSITY SYSTEM – AT GALVESTON;
TEXAS A & M UNIVERSITY,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:16-CV-191

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Dr. Kelly Weeks joined Texas A & M University at Galveston's (TAMUG) teaching staff on September 1, 2008 as a tenure-track Assistant Professor of Logistics. Towards the end of his seven-year probationary term, Dr. Weeks submitted a dossier, highlighting his accomplishments at TAMUG. As per the school's rules and procedures, the dossier materials went through "a multi-

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40255

level process" that involved faculty and administrators in Dr. Weeks' department and at the university level. Each reviewed the dossier to determine whether Dr. Weeks' research, teaching, and service to the TAMUG community was at the quantity and quality expected of tenured personnel.

Although Dr. Weeks received a positive or split recommendation from the first three rounds of review, TAMUG's Executive Associate Vice-President for Academic Affairs and Chief Academic Officer (EAVPAA) determined that Dr. Weeks' record did not warrant a promotion. He cited several problems with the dossier as justification, including the possibility that Dr. Weeks either misstated or inflated his professional achievements. Dr. Weeks was offered the opportunity to submit a petition for reconsideration, which he took. However, after reviewing the materials, the department chair decided that the petition did not provide any new evidence or substantial new arguments. The dossier was therefore forwarded to the Provost and the President with the EAVPAA's original recommendation.

On February 21, 2014, the department chair notified Dr. Weeks that he was not approved for tenure. Dr. Weeks appealed, but neither his claim that the decision was based on inadequate consideration of his professional performance nor his claim of gender discrimination was substantiated by subsequent investigations. Dr. Weeks therefore elected to pursue the federal remedies available to him. He filed a charge with the Equal Employment Opportunity Commission, followed shortly thereafter by a complaint in district court under Title VII.

In his complaint, Dr. Weeks made several assertions, the primary one being that the defendants "engaged in a pattern and practice of favoritism and preference to female professors." According to Dr Weeks, male employees were repeatedly held "to a higher standard without legitimate business reason." This double standard, he contended, underlay the decision to deny him tenure,

No. 18-40255

not the discrepancies identified by the EAVPAA and others during the review process.  Dr. Weeks further asserted that the defendants retaliated against him because he expressed objections to the disparate treatment and that these actions, along with the discrimination, contributed to a hostile work environment that "constructively terminated" his employment.

The district court considered cross motions for summary judgment before ruling in favor of the defendants.

We have carefully reviewed the briefs, the applicable law, and the relevant parts of the record and have found no reversible error committed by the district court.  Texas A & M University System did not have an employment relationship with Dr. Weeks for the purposes of Title VII.  It lacked the right to hire, fire, supervise, and set Dr. Week's work schedule; it therefore could not be said to have the right to control Dr. Week's conduct.  *Muhammad v. Dallas Cty. Cmty. Supervision and Corr. Dep't.*, 479 F.3d 377, 380 (5th Cir. 2007) (applying a hybrid economic realities/common law control test to determine whether an employment relationship exists).  In light of this, Dr. Weeks cannot take advantage of Title VII's abrogation of sovereign immunity with respect to Texas A & M University.  The district court correctly dismissed the claims against it for want of subject matter jurisdiction.

As for the claims against TAMUG, the plaintiff failed to establish a genuine dispute of a material fact.  Throughout the review process, faculty and administrators raised concerns over Dr. Weeks' research and what appeared to be inaccurate descriptions of his professional accomplishments.  Dr. Weeks, however, tendered no evidence that these concerns were pretext for a discriminatory or otherwise verboten motive.  *See EEOC v. Exxon Shipping Co.*, 745 F.2d 967, 976 (5th Cir. 1984) (holding that pretext cannot be established by mere conclusory statements); *see also Pennington v. Tex. Dept. of Family and Protective Servs.*, 469 F. App'x 332, 339 (5th Cir. 2012) (requiring

3

something more than subjective belief to show pretext).  Likewise, Dr. Weeks complains of "harassing behavior" from his employer, but he does not identify any evidence that would indicate that the behavior was severe or pervasive enough to alter the conditions of his employment, much less constitute a constructive discharge.  *See Alaniz v. Zamora-Quezada*, 59 F.3d 761, 771 (5th Cir. 2009); *Pa. State Police v. Suders*, 542 U.S. 129, 147 (2004).

The judgment is AFFIRMED.