# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2023

Lyle W. Cayce
Clerk

———————

No. 23-40214
Summary Calendar

———————

Lonzell Brown,

*Plaintiff—Appellant*,

*versus*

City of Anna City Hall; Lee Lewis Construction, Incorporated; Paramount Trade Solutions; Don Burton & Associates, Incorporated,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:22-CV-571

———————————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Pro se Plaintiff–Appellant Lonzell Brown alleges that Defendants–Appellants City of Anna City Hall, Lee Lewis Construction, Inc., Don Burton

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and Associates,[1] and Paramount Trade Solutions discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1984.[2] Brown accuses Defendants–Appellants of underpaying people of color and failing to post federal employment policies. The City of Anna, Lee Lewis Construction, and Don Burton and Associates moved to dismiss Brown's complaint, and Paramount Trade Solutions moved for summary judgment. Each raised the same defense: Brown cannot bring a Title VII claim against it because it was not his employer. The district court, relying on a magistrate judge's report and recommendations, granted Defendants–Appellants' motions. Brown appeals.

## Motions to Dismiss

We review de novo a district court's decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011) (citation omitted). "[A]ccepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs," a complaint survives a motion to dismiss only if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018) (first quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008), then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). We construe pro se complaints liberally, but "regardless of whether the plaintiff is proceeding pro se or is represented by counsel,

---

[1] Variously referred to in briefing and exhibits as "Don Burdon and Associates" and "Don Burden and Associates."

[2] Brown also references the Davis Bacon Act of 1931, but his complaint's only cause of action is under Title VII. And the Davis Bacon Act, in the context referenced by Brown, does not confer a private right of action on employees. *See Univs. Rsch. Ass'n, Inc. v. Coutu*, 450 U.S. 754, 770 (1981).

conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 318 (5th Cir. 2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

"[T]he purpose of Title VII is to protect employees from their employers' unlawful actions." *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011). As such, only those "in employment relationships with the defendant" may bring such claims. *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 669 (5th Cir. 2020); *see also Body by Cook, Inc. v. State Far Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017) ("To maintain a claim under Title VII, the plaintiff must demonstrate an 'employment relationship' between the plaintiff and the defendant."). An employer is one who has the right to control an employee's conduct, including the right to hire, fire, supervise, and pay the employee. *Muhammad v. Dall. County Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007).

Brown's complaint fails to plausibly allege an employment relationship with the City of Anna, Lee Lewis Construction, or Don Burton and Associates. On his application to proceed in forma pauperis in the district court, Brown indicated that his employer was Paramount Trade Solutions. He also pleads "collectively," referencing Defendants–Appellants together as a group, rather than alleging facts plausibly suggesting that each individual entity was his employer as the statute defines it. *See Dixon v. Primary Health Servs. Ctr.*, Civ. No. 10-1490, 2011 WL 1326841, at *2 (W.D. La. Mar. 3, 2011) (footnote omitted) ("Although plaintiff alleges that she was 'employed' by 'defendants,' she has not set forth facts to demonstrate that defendants, Tonore and PHSC Board of Directors, satisfied Title VII's statutory definition of 'employer.'"), *report and recommendation adopted*, 2011 WL 1298643 (W.D. La. Apr. 5, 2011). Brown points to pay stubs which suggest that he worked for Paramount on a project for customer "Don

No. 23-40214

Burden and Associates" on "Anna City Hall." However, merely working on a project for these entities does not establish a plausible employment relationship with them, such that they had the right to control his conduct, which is the "most important component" of an employment relationship. *Muhammad*, 479 F.3d at 380.[3]

Title VII claims may be brought against employers only, and Brown's complaint fails to allege that he was in an employment relationship with Defendants–Appellants. The district court correctly granted Defendants–Appellants' motions to dismiss.[4]

## Motion for Summary Judgment

Brown also appeals the district court's order granting Paramount's motion for summary judgment. We also review a district court's grant of summary judgment de novo. *United States ex rel. Schweizer v. Canon, Inc.*, 9 F.4th 269, 273 (5th Cir. 2021). Summary judgment is proper when the record shows that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Unlike the other Defendants–Appellants, Paramount does not dispute that Brown did work for it at some point. However, it asserts that he did not do so during the time period relevant to his complaint. The district court granted Paramount's motion for summary judgment on that basis.

––––––––––––––––––––––––––––––

[3] Brown does not allege that Defendants–Appellants were in a "joint employer" relationship. *See N. Am. Soccer League v. NLRB*, 613 F.2d 1379, 1382 (5th Cir. 1980).

[4] These Defendants–Appellants also assert that Brown's complaint (1) failed to state a claim, as it did not make out a prima facie case of discrimination, or (2) to properly allege that Brown had satisfied his exhaustion responsibilities. Because we affirm the district court's dismissal on the basis of Brown's failure to allege an employment relationship, we do not reach these matters.

No. 23-40214

Brown attached to his complaint the Charge of Discrimination forms that he submitted to the Equal Employment Opportunity Commission ("EEOC"). Each Charge contains the same "particulars": "PERSONAL HARM: a. Starting in or around January 2021, until my resignation in or around July 2021, I was paid approximately $24 dollars per hour while similarly situated non-Black individuals in the same position, performing the same job duties, were paid approximately $26 - $28 dollars per hour." The relevant time period for his complaint, then, is from January through July 2021. However, the undisputed evidence before the district court established that Brown did not begin working for Paramount until September 2021. Therefore, from January 2021 to July 2021, Paramount had no "right to control" Brown's conduct. *See Muhammad*, 479 F.3d at 380. Brown and Paramount were not in an employment relationship during the relevant time period, and Paramount cannot be held liable under Title VII for events that occurred during that period.

To the extent that Brown alleges that Paramount discriminated against him at a later date, he has not exhausted that claim. As Paramount observes, a Title VII lawsuit is limited to the scope of the EEOC charge and any resulting investigation. *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993) (citation omitted) ("[A] rule of reason . . . permits the scope of a Title VII suit to extend as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge."). We agree with the district court that, when a plaintiff identifies a distinct time period in an EEOC charge, he or she cannot bring a Title VII claim based on events that occurred totally outside that period. *See Ganheart v. Brown*, 740 Fed. App'x. 386, 390 (5th Cir. 2018) (pro se plaintiff precluded from bringing claims that occurred after the dates identified in the charge). To be more specific, a plaintiff cannot rely on the initial EEOC charge as evidence of exhausting claims based on later events. Brown is not barred from

initiating a Title VII suit against Paramount for discrimination beginning in September 2021, but he may not rely on *this* EEOC Charge to do so, as it does not encompass the scope of that alleged discrimination.[5]

The district court's grant of summary judgment was also proper. All rulings and judgments of that court are AFFIRMED.[6]

_____

[5] Neither would this Charge be "reasonably expected" to trigger an EEOC investigation into race discrimination by Paramount beginning in September 2021, as it focuses on a time period when Brown had not even begun working there. *See Pacheco v. Mineta*, 448 F.3d 783, 789–90 (5th Cir. 2006).

[6] In his briefing, Brown also complains that the district court erred by not "joining" all defendants, such that he had to "unfairly reply to five defendants." This is a misinterpretation of Federal Rule of Civil Procedure 19. Additionally, Brown did not raise the issue of joinder in his notice of appeal. *See Ingraham v. United States*, 808 F.2d 1075, 1080 (5th Cir. 1987).