# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50969
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2016

Lyle W. Cayce
Clerk

DERRICK JOHNS,

   Plaintiff - Appellant

v.

JOHN P. KAELBLEIN, III,

   Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-267

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

  Plaintiff Derrick Johns cofounded DiFusion Technologies, a medical device and biomaterials manufacturer. At Johns' direction, DiFusion's Board of Directors hired Defendant John Kaelblein as the company's President and Chief Operating Officer. In this role, Kaelblein created an amorphous "Advances" account that combined deductible business expenses, salary

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

advances, and investments, rather than separating and classifying these corporate expenditures.  When DiFusion was later trying to raise capital, potential investors required more detailed financial information.  As part of restating the financials, Kaelblein, board members, and outside accountants decided to relabel the "Advances" account as the "Derrick Johns Advance Account."  According to Johns, however, the funds in that account did not go to Johns, nor was he aware the account existed.  The IRS subsequently began an investigation into Johns because it believed he was receiving more taxable income than he reported.  Johns alleged the investigation could have been avoided had Kaelblein provided him with a W-2 form reporting the $642,861 in supposed salary advances from the account.[1]

Johns filed this diversity suit alleging the following claims: (1) breach of fiduciary duty; (2) negligence based on a common law duty and negligence per se; (3) negligent misrepresentations made to Johns when Kaelblein provided him with inaccurate W-2 forms; and (4) derivative torts such as conspiracy and aiding and abetting.  The district court dismissed the case for failure to state any viable claims.  Reviewing the complaint, record, and relevant law, we affirm largely for the reasons stated by the district court.

First, the district court correctly dismissed the breach of fiduciary duty claim on the ground that Kaelblein did not owe Johns a fiduciary duty.  As President and COO, Kaelblein certainly owed fiduciary duties to the company.  But that does not translate into a duty to Johns as one of the cofounders of the company.  Indeed, as the district court noted, a separate duty to an individual founder of the company would likely create a conflict.  Texas law does not impose a fiduciary duty under these circumstances.  *See Crim Truck & Tractor*

---

[1] These facts are based on Johns' allegations, which we must accept as true in reviewing the case at the pleadings stage.  We suspect that Kaelbein, the Board, and the IRS have a quite different version of events.

No. 15-50969

*Co. v. Navistar Intern. Transp. Corp.*, 823 S.W.2d 591, 593 (Tex. 1992) (noting that while "certain informal relationships" may give rise to a fiduciary duty, a prior business relationship, even a "cordial one, of long duration," will not create such a duty).

Second, we affirm the dismissal of Johns's negligence claim based on a statutory duty of care which is the only negligence claim he tries to revive on appeal.[2]  The statute Johns invokes, TEX. BUS. ORGS. CODE § 3.105,[3] does not impose a duty on an officer like Kaelblein; it instead authorizes an officer like Kaelblein to rely on information provided by others unless he has knowledge that would make such reliance unreasonable.  *Id.*  And no Texas case has ever recognized that the statute gives rise to a duty under negligence law.

Third, Johns's negligent misrepresentation claim was correctly dismissed for failure to plead justifiable reliance.[4]  In his response to Kaelblein's motion to dismiss, Johns stated in a conclusory fashion that he "would have taken any number of steps to rectify the situation and avoid an IRS investigation" had Kaelblein furnished accurate W-2s.  Johns left the court with nothing but conjecture as to what those "steps" might have been.

---

[2] Johns argues for the first time in his reply brief that the economic loss rule does not apply to his common law duty of care claim and it therefore should not have been dismissed on those grounds.  We will generally not consider an argument raised for the first time in a reply brief and will not do so here. *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).

[3] TEX. BUS. ORGS. CODE ANN. § 3.105 (West 2006).

[4] The lack of justifiable reliance was one of two grounds on which the district court dismissed the negligent misrepresentation claim.  It also held that Kaelblein needed to have a pecuniary interest in the misrepresentation.  Kaelblein now concedes that this was error as Texas law also recognizes a claim for negligent misrepresentation when the challenged statement is made in connection with one's employment. *See McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999) (noting that a misrepresentation must be made "in the course of his business, profession or employment, *or* in any transaction in which he has a pecuniary interest") (emphasis added).

No. 15-50969

Lastly, Johns's inability to establish any of the above underlying torts dooms his derivative claims for conspiracy and aiding and abetting. *See Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007) (noting that "if a plaintiff fails to state a separate underlying claim on which the court may grant relief" then derivative torts claims also fail).

The district court therefore is AFFIRMED.