## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40148

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2019

Lyle W. Cayce
Clerk

LYDIA TUMMEL; HAROLD K. TUMMEL,

> Plaintiffs - Appellants

v.

ROBERT MILANE; ROADRUNNER TRANSPORTATION SERVICES, INCORPORATED; ROADRUNNER TRANSPORTATION SYSTEMS, INCORPORATED,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CV-339

Before KING, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

Plaintiffs allege that defendants conspired to violate certain criminal statutes. Although plaintiffs concede that none of these statutes creates a private right of action, they seek to recover by asserting civil-conspiracy claims under Texas law. Because civil conspiracy is not an independent cause of action, we affirm the district court's decision to dismiss plaintiffs' complaint.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40148

## I.

During state-court litigation against Lydia Tummel and Harold Tummel, Roadrunner Transportation Systems (RR Systems) moved for summary judgment and filed a supporting declaration signed by Robert Milane. According to the Tummels, this declaration contained perjury. The state court granted summary judgment to RR Systems, and the Tummels were unable to obtain reversal on appeal.

The Tummels then filed suit in federal court against Milane, RR Systems, and a subsidiary of RR Systems, alleging that they conspired to commit fraud and perjury and to fabricate evidence, in violation of state and federal criminal law. The district court dismissed the complaint with prejudice, ruling that it failed to state a claim for civil conspiracy under Texas law. This appeal followed.

## II.

The district court had diversity jurisdiction, *see* 28 U.S.C. § 1332(a), and we have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision to dismiss the complaint de novo. *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 638 (5th Cir. 2007). In resolving questions of Texas law, we rely on the authoritative decisions of the Texas Supreme Court. *See Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 856 (5th Cir. 2014).

## III.

Under the common law of Texas, civil conspiracy is a theory of liability that allows an injured party to recover from a tortfeasor's coconspirators. *See Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 140-42 (Tex. 2019). As the Supreme Court of Texas has recently clarified, "civil conspiracy is a theory of vicarious liability and not an independent tort." *Id.* at 142. Consequently, it "requires an underlying tort that has caused damages." *Id.* (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)). Following that

2

principle, we have ruled that when plaintiffs fail to state a claim for any underlying tort, their claims for civil conspiracy likewise fail. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 752 (5th Cir. 2019); *Meadows*, 492 F.3d at 640. Here, the Tummels do not allege that any underlying tort was committed, and they concede that none of the criminal statutes at issue creates a private right of action. The district court was therefore correct to dismiss their complaint.

The Tummels' sole argument on appeal is that a civil-conspiracy claim does not require the existence of an underlying tort but can be premised on any "illegal act"—including the defendants' alleged crimes. For support, the Tummels point to the Texas Supreme Court's statement that it "ha[s] repeatedly called civil conspiracy a 'derivative tort,' meaning it depends on some underlying tort *or other illegal act*," *Agar*, 580 S.W.3d at 140-41 (emphasis added) (citing *Chu v. Hong*, 249 S.W.3d 441, 444 (Tex. 2008)). Though elsewhere in *Agar* the Texas Supreme Court repeatedly refers exclusively to "underlying torts," the Tummels argue that that language "is merely short-hand for unlawful or wrongful conduct or action."

Even if the Tummels are correct that civil conspiracy need not rely on an underlying *tort*, their argument still fails. They identify no authority, and we are aware of none, suggesting that civil conspiracy can be premised on the violation of statutes that do not provide a private right of action.

The reasoning of *Agar* supports this conclusion. There, the Texas Supreme Court held that "a civil conspiracy claim should share both accrual and the limitations period of the underlying wrong." *Id.* at 144. The court rejected the argument that the limitations period for a civil-conspiracy claim should be independent of the limitations period for the underlying tort, observing that it would be "bizarre" for coconspirators who did not themselves commit a tort to be potentially "subject to suit for a longer period than the

primary tortfeasor upon whom their liability is premised." *Id.* at 142. Similarly, it would also be illogical to allow a civil action to be brought against a person who partakes in a conspiracy to commit a crime when suit cannot be brought against someone who actually commits that same crime.

In short, civil conspiracy under Texas law extends liability for a preexisting cause of action. *See id.* If there is no underlying cause of action—for a tort or otherwise—there can be no claim for civil conspiracy. *See id.* at 141. Here, the Tummels concede that they have no underlying cause of action. That is enough to dispose of their case.[1]

## IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[1] Because we affirm the district court's ruling that the Tummels failed to state a claim for civil conspiracy, we need not address, and express no opinion on, defendants' alternative argument that the district court erred in ruling that the Tummels' suit was not precluded under the principles of collateral estoppel.