**Opinion filed August 5, 2021**



## In The

# Eleventh Court of Appeals

_____

## No. 11-20-00034-CV
_____

**CLAYTON MOUNTAIN, LLC; CLAYTON MOUNTAIN RESORT, LLC; INDEPENDENT SUBCONTRACTORS, LLC; PREMIUM SANDSTONE GROUP, LLC; PREMIUM SANDSTONE SUPPLY, LLC; RAMROCK HOLDINGS, LLC; SUNDANCE TINY HOMES, LLC; CLAYTON MOUNTAIN CONSTRUCTION, LLC; ARENISCA HOLDINGS, LLC; CLAYTON MOUNTAIN GROUP, LLC; CLAYTON MOUNTAIN HOLDINGS, LLC; CLAYTON MOUNTAIN MANAGEMENT, LLC; DISCOUNT STONE, LLC; PASTORASKA HOLDINGS LLC; 7R CLUB, LLC; SUNDANCE CLUB FOOD AND BEVERAGE, LLC; AND SUNDANCE CLUB HOSPITALITY, LLC, Appellants**

## V.

## SUZANN RUFF, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause Nos. C46164-3 & C46164-4**

# MEMORANDUM OPINION

After an arbitration panel awarded Appellee Suzann Ruff $49,000,000 in actual damages on her tort claims against her son, Michael Ruff,[1] Suzann sued, among other defendants, Appellants Clayton Mountain, LLC; Clayton Mountain Resort, LLC; Independent Subcontractors, LLC; Premium Sandstone Group, LLC; Premium Sandstone Supply, LLC; Ramrock Holdings, LLC; Sundance Tiny Homes, LLC; Clayton Mountain Construction, LLC; Arenisca Holdings, LLC; Clayton Mountain Group, LLC; Clayton Mountain Holdings, LLC; Clayton Mountain Management, LLC; Discount Stone, LLC; Pastoraska Holdings LLC; 7R Club, LLC; Sundance Club Food and Beverage, LLC; and Sundance Club Hospitality, LLC.

As to Appellants, Suzann alleged in her seventh amended petition, (1) that, based on the arbitration award, a constructive trust in her favor was imposed on any interest that Michael has, or had and purportedly and/or fraudulently transferred, in Appellants; (2) that, if any Appellant was found to be Michael's alter ego, it owed a fiduciary duty of full and complete disclosure to Suzann and had breached that duty; (3) that Appellants had knowingly participated in Michael's breaches of fiduciary duty; and (4) that, if any Appellant was not found to be Michael's alter ego, it had "conspired and [is] continuing to conspire" with Michael "to commit the torts found[] to have been committed" by Michael in the arbitration award and in Michael's "continuing breaches of fiduciary duty." Suzann also requested that, if any Appellant was found to be Michael's alter ego, it be required to provide an accounting as to its participation in the marketing and sale of Suzann's property and the disposition of funds received from the sales.

---

[1]Because several individuals involved in this litigation have the same surname, we will refer to those individuals by first name for purposes of clarity.

Contending that Suzann's claims were based on, related to, or in response to their exercise of the right of association, Appellants filed four motions to dismiss pursuant to the Texas Citizens Participation Act, TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2015) (the TCPA).[2]  The trial court denied the motions to dismiss, determined that the motions to dismiss were frivolous and solely intended to delay, and awarded Suzann attorney's fees.

In their first two issues, Appellants assert that the trial court erred when it denied the motions to dismiss because (1) they established by a preponderance of the evidence that the TCPA applies to Suzann's claims and (2) Suzann failed to present clear and specific evidence to establish a prima facie case for each essential element of her claims.  In their third issue, Appellants argue that the trial court erred when it awarded attorney's fees to Suzann.  We affirm the trial court's denial of Appellants' motions to dismiss.  However, because the motions to dismiss were neither frivolous nor intended solely to delay, we reverse the trial court's award of attorney's fees to Suzann.

## Background

In 2011, Suzann sued Michael in probate court in Dallas County.  Michael filed a demand for arbitration with the American Arbitration Association, and the litigation in the probate court was stayed.  On October 21, 2014, while the arbitration

---

[2]The Texas legislature amended the TCPA effective September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–9, 12 (H.B. 2730) (codified at TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001, .003, .005–.007, .0075, .009–.010).  Because the claims against Appellants were filed prior to September 1, 2019, the law in effect before September 1 applies. *See id.* §§ 11–12; *see also Clayton Mountain Dev., LLC v. Ruff*, No. 11-20-00114-CV, slip op. at 2 n.2 (Tex. App.—Eastland Aug. 5, 2021, no pet. h.) (mem. op.).  For convenience, all citations to the TCPA in this opinion are to the version of the statute prior to September 1, 2019. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, amended by Act of May 24, 2013, 83d Leg., R.S., ch. 1042, 2013 Tex. Gen. Laws 2499–2500.

was pending, Suzann filed this case in Palo Pinto County against Michael and five business entities, none of which are parties to this appeal.

On December 7, 2017, the arbitration panel issued a decision in which it found that Michael committed numerous torts against Suzann and awarded Suzann actual damages of $49,000,000 plus interest, attorney's fees, and expenses. In Suzann's favor, the arbitration panel also imposed a constructive trust on any real property held or owned by Michael that had belonged to Suzann or had originated from property owned by Suzann and on Michael's interest in any entity that he formed or in which he invested using Suzann's property. The arbitration panel listed specific entities and properties that were subject to the constructive trust, including "4,683 acre real property asset located in Palo Pinto County, Texas." The probate court confirmed the arbitration award, and Michael appealed the judgment to the Dallas Court of Appeals. *See Ruff v. Ruff*, No. 05-18-00326-CV, 2020 WL 4592794, at *15 (Tex. App.—Dallas Aug. 11, 2020, pet. denied) (mem. op.).

On October 3, 2018, Suzann filed her fifth amended petition in which she first named Appellants as defendants. Suzann filed her sixth amended petition on February 14, 2019. In the sixth amended petition, Suzann asserted causes of action against Appellants for (1) imposition of a constructive trust, (2) breach of fiduciary duty, (3) knowing participation in breach of fiduciary duty, (4) conspiracy, and (5) fraud. Suzann also requested that Appellants be required to account for their participation in the marketing and sale of her property and the disposition of any funds from those sales. Suzann served Appellants with both the fifth and sixth amended petitions in August 2019.[3]

---

[3]The record does not reflect the date on which Ramrock Holdings, Sundance Tiny Homes, Arenisca Holdings, Clayton Mountain Holdings, or Pastoraska Holdings were served. However, Ramrock Holdings and Sundance Tiny Homes filed their original answer on September 9, 2019, and Arenisca Holdings, Clayton Mountain Holdings, and Pastoraska Holdings filed their original answer on September 23, 2019.

Clayton Mountain and Clayton Mountain Resort filed a TCPA motion to dismiss on August 27, 2019, and asserted that Suzann's claims were based on, related to, or in response to their exercise of the right of association. Clayton Mountain and Clayton Mountain Resort specifically argued that the TCPA applied to Suzann's claims because (1) communications "necessarily must have occurred" for Suzann to prove her pleaded causes of action and (2) the communications occurred in relation to a common interest because "the individual conspirators allegedly made the complained-of 'communications' between themselves to further the sale, marketing, and operational management of the Palo Pinto property at Clayton Mountain to [Suzann's] exclusion."

Along with their answers, Appellants filed special exceptions to Suzann's sixth amended petition. The trial court ruled on the special exceptions filed by Clayton Mountain, Clayton Mountain Resort,[4] Independent Subcontractors, Premium Sandstone Group, Premium Sandstone Supply, Ramrock Holdings, and Sundance Tiny Homes. The trial court denied the special exceptions as to Suzann's causes of action for knowing participation in breach of fiduciary duty but granted the special exceptions as to Suzann's remaining causes of action and ordered Suzann to replead. Suzann filed her seventh amended petition on October 17, 2019, in which she dropped her claim for fraud and made additional allegations in her other causes of action.[5]

---

[4]The record reflects that "Clayton Mountain Resort, Inc." filed special exceptions, rather than "Clayton Mountain Resort, LLC." However, no entity named "Clayton Mountain Resort, Inc." is a party to this litigation, and neither party asserts that "Clayton Mountain Resort, LLC" is not the party that filed special exceptions.

[5]On November 5, 2019, Appellants moved to strike the seventh amended petition on the ground that Suzann had "failed to address or meet the special exceptions" granted by the trial court. On January 7, 2020, the trial court denied Appellants' motion to strike.

Independent Subcontractors, Premium Sandstone Group, Premium Sandstone Supply, Ramrock Holdings, and Sundance Tiny Homes filed a TCPA motion to dismiss on October 18, 2019; Clayton Mountain Construction filed a TCPA motion to dismiss on October 25, 2019; and Arenisca Holdings, Clayton Mountain Group, Clayton Mountain Holdings, Clayton Mountain Management, Discount Stone, Pastoraska Holdings, 7R Club, Sundance Club Food and Beverage, and Sundance Club Hospitality filed a TCPA motion to dismiss on October 28, 2019. These motions to dismiss were substantively identical to Clayton Mountain and Clayton Mountain Resort's motion to dismiss.

Suzann requested limited discovery related to the motions to dismiss. The trial court allowed both Suzann and Appellants to serve written discovery and to take depositions. The parties filed this discovery in support of and in opposition to the motions to dismiss.

In her responses to the motions to dismiss, Suzann contended that her claims were based on actions, not communications, and that Appellants had failed to produce evidence of any communications or to identify a communication that was referenced in the seventh amended petition. Suzann specifically asserted that Appellants were pieces of paper created by Michael to help hide and move Suzann's assets, that Appellants are Michael and Michael is Appellants, and that no communications were involved because all Michael had to do was "think about" what he wanted Appellants to do. Suzann contended that Appellants also failed to show a "common interest" under the statute. Alternatively, Suzann argued that, even if the TCPA applied to her claims, she had met her burden to show by clear and specific evidence a prima facie case of each essential element of her claims. Finally, Suzann asserted that the motions to dismiss were both frivolous and solely intended to delay and requested an award of attorney's fees.

On January 16, 2020, the trial court denied Clayton Mountain and Clayton Mountain Resort's motion to dismiss, severed Suzann's claims against Clayton Mountain and Clayton Mountain Resort into cause number C46164-3, and awarded Suzann attorney's fees in the amount of $8,178. On February 18, 2020, the trial court denied the other three motions to dismiss; severed Suzann's claims against Independent Subcontractors, Premium Sandstone Group, Premium Sandstone Supply, Ramrock Holdings, Sundance Tiny Homes, Clayton Mountain Construction, Arenisca Holdings, Clayton Mountain Holdings, Clayton Mountain Management, Discount Stone, Pastoraska Holdings, 7R Club, Sundance Food and Beverage, and Sundance Club Hospitality into cause number C46164-4; and awarded Suzann attorney's fees in the amount of $12,789 as well as attorney's fees on appeal.[6]

At Appellants' request, the trial court entered findings of fact and conclusions of law. As relevant to this appeal, the trial court found (1) that Appellants presented no evidence of a communication; (2) that, as to Appellants, there were no communications identified or unambiguously implied in the sixth or seventh amended petitions; (3) that Suzann's claims against Appellants in the sixth and seventh amended petitions were not based on, related to, or in response to any communication; (4) that Appellants failed to present evidence of a common interest; and (5) that the motions to dismiss were filed solely to delay the proceedings. The trial court concluded that Appellants had failed to establish that the TCPA applies to

---

[6]We note that the trial court did not expressly condition the award of appellate attorney's fees on the success of the appeal. "Because unconditional appellate fees are improper, such a condition is necessarily implied." *La Ventana Ranch Owners' Ass'n, Inc. v. Davis*, 363 S.W.3d 632, 652 n.17 (Tex. App.—Austin 2011, pet. denied); *see also Ruff v. Ruff*, No. 11-20-00122-CV, 2021 WL 388707, at *3 n.4 (Tex. App.—Eastland Feb. 4, 2021, pet. filed) (mem. op.).

Suzann's claims and that the motions to dismiss were both frivolous and filed solely to delay.

Appellants appealed from the trial court's denial of the motions to dismiss. We consolidated the appeals into this proceeding.

*Analysis*

In their first two issues, Appellants assert that the trial court erred when it denied the motions to dismiss because (1) they established by a preponderance of the evidence that the TCPA applies to Suzann's claims and (2) Suzann failed to present clear and specific evidence to establish a prima facie case for each essential element of her claims.

The TCPA protects citizens from retaliatory lawsuits meant to intimidate or silence them on matters of public concern. *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 376 (Tex. 2019); *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). "The TCPA's purpose is to safeguard 'the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law'" and, at the same time, protect the rights of a person "to file meritorious lawsuits for demonstrable injury." *Kinder Morgan SACROC, LP v. Scurry Cty.*, 622 S.W.3d 835, 847 (Tex. 2021) (quoting CIV. PRAC. & REM. § 27.002). We construe the TCPA "liberally to effectuate its purpose and intent fully." CIV. PRAC. & REM. § 27.011(b); *see also State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018).

The TCPA "provides a three-step process for the dismissal of a 'legal action' to which it applies." *Montelongo v. Abrea*, 622 S.W.3d 290, 296 (Tex. 2021). The movant has the initial burden to demonstrate by a preponderance of the evidence that the legal action is based on, related to, or in response to the movant's exercise of the right of free speech, petition, or association. CIV. PRAC. & REM. § 27.005(b);

*Montelongo*, 622 S.W.3d at 296. If the movant makes this showing, the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of the claim in question. CIV. PRAC. & REM. § 27.005(c); *Montelongo*, 622 S.W.3d at 296. If the nonmovant satisfies that burden, the trial court still must dismiss the legal action if the movant "establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." CIV. PRAC. & REM. § 27.005(d); *see also Montelongo*, 622 S.W.3d at 296.

We review de novo the question of whether the parties satisfied their respective burdens. *Hall*, 579 S.W.3d at 377. When we determine whether the defendant carried its initial burden to establish that the TCPA applies to the plaintiff's claims, we consider the pleadings and affidavits that state the facts on which liability is based. CIV. PRAC. & REM. § 27.006(a); *Montelongo*, 622 S.W.3d at 296. A legal action's basis is determined by the plaintiff's allegations rather than by the defendant's admissions or denials. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). The plaintiff's petition is "the 'best and all-sufficient evidence of the nature of the action.'" *Id.* (quoting *Stockyards Nat'l Bank v. Maples*, 95 S.W.2d 1300, 1302 (Tex. 1936)).

Appellants moved for dismissal on the ground that Suzann's claims were based on, related to, or in response to Appellants' exercise of the right of association. The TCPA defines the "[e]xercise of the right of association" as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." CIV. PRAC. & REM. § 27.001(2). The trial court found that Appellants failed to establish either a communication or a common interest.

"In order for a movant to invoke the TCPA, there must first be a communication." *Krasnicki v. Tactical Entm't, LLC*, 583 S.W.3d 279, 283 (Tex.

9

App.—Dallas 2019, pet. denied)). A "communication" includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." CIV. PRAC. & REM. § 27.001(1); *see also Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018) (recognizing that under the TCPA, "[a]most every imaginable form of communication, in any medium, is covered"). "When a claim does not allege a communication, and is instead based on a defendant's conduct, the TCPA is not implicated." *Davis v. Gulf Coast Auth.*, No. 11-19-00309-CV, 2020 WL 5491201, at *8 (Tex. App.—Eastland Sept. 11, 2020, no pet.) (mem. op.) (quoting *Pacheco v. Rodriguez*, 600 S.W.3d 401, 410 (Tex. App.—El Paso 2020, no pet.)); *see also Smith v. Crestview NuV, LLC*, 565 S.W.3d 793, 798–99 (Tex. App.—Fort Worth 2018, pet. denied) (holding that the plaintiff's claims that did not allege a communication as defined by the TCPA were not subject to dismissal under the statute).

The vast majority of Suzann's factual allegations in both the sixth and seventh amended petitions pertain to Michael's conduct that was the subject of the arbitration proceeding. These allegations allude to communications between Michael and Suzann and between Michael and other individuals. However, Suzann did not specifically allege any communications between Michael and Appellants. Rather, as to Appellants (as well as defendants who are not part of this appeal), Suzann pleaded all of her causes of action collectively and did not allege any specific conduct by any defendant that purportedly injured her.

Suzann cannot circumvent the application of the TCPA by artful pleading. *See Smith*, 565 S.W.3d at 798. However, we also cannot blindly accept attempts by Appellants to characterize Suzann's claims as implicating protected expression. *See White Nile Software, Inc. v. Carrington, Coleman, Sloman & Blumenthal, LLP*,

10

No 05-19-00780-CV, 2020 WL 5104966, at *5 (Tex. App.—Dallas Aug. 31, 2020, pet. denied) (mem. op.). Rather, the basis of the legal action must be determined based on Suzann's allegations. *See Hersh*, 526 S.W.3d at 467. We, therefore, look to the pleadings and the supporting and opposing evidence to determine the true nature of the dispute and whether any communications are implicated. *See* CIV. PRAC. & REM. § 27.006(a); *Montelongo*, 2021 WL 1705210, at *3.

In her seventh amended petition,[7] Suzann first sought to enforce the constructive trust imposed in the arbitration award.[8] Specifically, Suzann asserted that a constructive trust was imposed on "all of the interests that [Michael] has, or had and purportedly and/or fraudulently transferred, in any of the other Defendant entities." Suzann also alleged that "if there are other entities related to the development and marketing of [Suzann's] Palo Pinto Property, that were acquired with or investments made with funds obtained in whole or in part from [Suzann], then [Suzann] is also entitled to constructive [trust] in [Michael's] interest, in any capacity, in those entities." Because Suzann's request that the trial court enforce the constructive trust imposed by the arbitration panel is not based on or related to any communications involving Appellants, it is not subject to the TCPA. *See Davis*, 2020 WL 5491201 at *8.

---

[7]In her response to the motions to dismiss, Suzann represented that the constructive trust claim was asserted only against Michael, the claims for breach of fiduciary duty and accounting applied to Appellants only if they were found to be the alter egos of Michael, and that only the conspiracy and knowing participation in breach of fiduciary duties were asserted against Appellants. However, Suzann asserted all her claims collectively against Appellants and other defendants. Therefore, we will address all of Suzann's claims.

[8]Suzann argued in her responses to the motions to dismiss that she also seeks to impose a constructive trust under the common law. However, in the seventh amended petition, Suzann referenced only the constructive trust imposed by the arbitration award and prays only that the trial court enforce the constructive trust imposed by the arbitration award.

Suzann's claims against Appellants for breach of fiduciary duty are based on the allegations (1) that Michael owes a continuing duty of full and complete disclosure to Suzann and (2) that, if Appellants are found to be Michael's alter egos, they owe the same duties as Michael. Therefore, Suzann's claims for breach of fiduciary duty against Appellants are based on the alleged failure to disclose or failure to communicate and are not subject to the TCPA. *See White Nile*, 2020 WL 5104966, at *6; *see also SSCP Mgmt. Inc. v. Sutherland/Palumbo, LLC*, No. 02-19-00254-CV, 2020 WL 7640150, at *3 (Tex. App.—Fort Worth Dec. 23, 2020, pet. filed) (mem. op.).

Suzann also alleged that Appellants knowingly participated in Michael's "breaches of fiduciary duty and continue to do so." "To establish a claim for knowing participation in a breach of fiduciary duty, a plaintiff must assert: (1) the existence of a fiduciary relationship; (2) that the third party knew of the fiduciary relationship; and (3) that the third party was aware that it was participating in the breach of that fiduciary relationship." *Lara v. Streamline Ins. Servs., LLC*, No. 03-19-00474-CV, 2020 WL 7776080, at *6 (Tex. App.—Austin Dec. 31, 2020, no pet.) (mem. op.) (quoting *Meadows v. Hartford Life Ins.*, 492 F.3d 634, 639 (5th Cir. 2007)). The only specific fiduciary duty that Suzann alleges that Michael owed, or continues to owe, is the duty of full disclosure. Therefore, as pleaded, Suzann's claims for knowing participation in breach of fiduciary duty are based solely on Appellants' participation in Michael's alleged breach of a duty to disclose. As with Suzann's claims for breach of fiduciary duty, Suzann's claims against Appellants for knowing participation in a breach of fiduciary duty are based on a failure to communicate and are not subject to the TCPA. *See White Nile*, 2020 WL 5104966, at *6; *see also SSCP Mgmt.*, 2020 WL 7640150, at *3.

In the alternative, Suzann alleged that, if any Appellant is not found to be Michael's alter ego, it conspired with and is continuing to conspire with Michael "to commit the torts found[] to have been committed by [Michael] in the [arbitration award], and with his continuing breaches of fiduciary duty." "[C]ivil conspiracy is a theory of vicarious liability and not an independent tort." *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019). Because civil conspiracy is derivative, it is "connected to the underlying tort and survives or fails alongside it." *Id.* at 141. We, therefore, must analyze whether the TCPA applies to Suzann's conspiracy claim in connection with the alleged underlying tort. *See Seibert v. Bauserman-Trammel*, No. 03-19-00360-CV, 2020 WL 3887969, at *2 (Tex. App.—Austin July 10, 2020, no pet.) (mem. op.); *Cunningham v. Waymire*, 612 S.W.3d 47, 68 (Tex. App. —Houston [14th Dist.] 2019, no pet.).

Suzann has asserted two different underlying torts to support the alleged civil conspiracy. Suzann first contends that Appellants conspired with Michael to commit "continuing breaches of fiduciary duty." Again, in her claim for breach of fiduciary duty, Suzann has alleged only that Michael has a continuing duty to disclose and has breached that duty. Therefore, to the extent that Suzann's conspiracy claim is premised on her breach-of-fiduciary-duty claim, the conspiracy claim is based on a failure to communicate and does not fall within the scope of the TCPA. *See White Nile*, 2020 WL 5104966, at *6 *see also SSCP Mgmt.*, 2020 WL 7640150, at *3.

Suzann also alleged that Appellants conspired with Michael to commit the torts that Michael was found to have committed in the arbitration award. Those torts included breach of fiduciary duty, fraud, misapplication of fiduciary property, conversion, and negligence based on Michael's misappropriation of Suzann's property. In the factual allegations set out in the seventh amended petition, Suzann alleged that Appellants "conspired" with Michael to "hide" Suzann's assets and that

13

Michael created "various entities," presumably including Appellants, to further his scheme to hide and launder Suzann's assets.

Suzann alleges that Appellants are the alter egos of Michael and, therefore, that it was not necessary for Michael to communicate with Appellants. However, Suzann's conspiracy claim is expressly based on the condition that Appellants are not found to be Michael's alter ego. *See Hersh*, 526 S.W.3d at 467 (holding that the basis of a legal action is determined by the plaintiff's allegations). Therefore, given the broad statutory definition of "communication," any conspiracy to transfer misappropriated property from Michael to an Appellant would necessarily involve a communication. *See Bandin v. Free & Sovereign State of Veracruz de Ignacio de la Llave*, 590 S.W.3d 647, 651 n.9 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (holding that, because an alleged conspiracy "inherently requires a meeting of the minds on the object or course of action," it necessarily involves communication). On this record, the trial court erred when it determined that Appellants failed to establish by a preponderance of the evidence that any conspiracy between Appellants and Michael to transfer or hide Suzann's assets was based on or related to communications between Michael and Appellants. *See Hersh*, 526 S.W.3d at 467 ("When it is clear from the plaintiff's pleadings that the action is covered by the [TCPA], the defendant need show no more.").

Finally, Suzann's live pleading at the time that Appellants filed the motions to dismiss was the sixth amended petition in which Suzann also alleged a claim for fraud against Appellants. Suzann nonsuited her fraud claims against Appellants when she filed the seventh amended petition. *See Abercrombie v. Angela Hightower Enters. Inc.*, No. 07-20-00139-CV, 2021 WL 1538251, at *1 (Tex. App.—Amarillo Apr. 19, 2021, no pet. h.) (mem. op.) (noting that a nonsuit of three causes of action occurred when the plaintiff amended its original petition to no longer assert those

causes of action against the TCPA movant). However, a nonsuit does not prejudice the right of the adverse party to be heard on a pending claim for affirmative relief. *Morath v. Lewis*, 601 S.W.3d 785, 787 (Tex. 2020) (per curiam); *Gaskamp v. WSP USA, Inc*, 596 S.W.3d 457, 468 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd) (en banc). "A motion to dismiss that affords more relief than a nonsuit provides constitutes a claim for affirmative relief, which survives nonsuit." *Gaskamp*, 596 S.W.3d at 468–69; *see also CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 300 (Tex. 2013) (per curiam) ("A motion for sanctions is a claim for affirmative relief that survives nonsuit if the nonsuit would defeat the purpose of the sanctions."). A TCPA motion to dismiss survives a nonsuit because, unlike a nonsuit, the TCPA movant might also be entitled to a dismissal with prejudice, attorney's fees, and sanctions. *Gaskamp*, 596 S.W.3d at 468; *see also* CIV. PRAC. & REM. § 27.009(a).

In their motions to dismiss, Appellants requested dismissal of Suzann's fraud cause of action as well as the affirmative relief of "costs, reasonable attorney's fees, and other expenses incurred in defending against" Suzann's claims. Therefore, Appellants' motions to dismiss Suzann's fraud cause of action survived Suzann's nonsuit of the claim in her seventh amended petition. *See Gaskamp*, 596 S.W.3d at 468–69; *Walker v. Hartman*, 516 S.W.3d 71, 80 (Tex. App.—Beaumont 2017, pet. denied).

In her fraud claim, Suzann specifically alleged that Michael, "in conspiracy with and through other Defendants," fraudulently conveyed property in Palo Pinto County "in an attempt to hide, conceal, and tortiously interfere" with Suzann's rights and interests. As explained above, any transfer of property between Michael and one of Appellants would necessarily involve a communication between Michael and that Appellant. Therefore, the trial court erred to the extent that it determined that

Appellants failed to establish that Suzann's fraud claim was based on or related to a communication between Appellants and Michael.

After reviewing de novo Suzann's pleadings and the evidence attached to the motions to dismiss and to Suzann's responses, we hold (1) that the trial court correctly determined that Suzann's claims for breach of fiduciary duty, knowing participation in breach of fiduciary duty, and conspiracy based on the failure to disclose are not factually predicated on communications but (2) that, as to Suzann's conspiracy and fraud claims based on the transfer or misappropriation of property, the trial court erred when it determined that Appellants presented no evidence of a communication and that, as to Appellants, there were no communications unambiguously implied in Suzann's sixth or seventh amended petitions.[9]

We next turn to whether Appellants met their burden to prove that the communications implicated in Suzann's conspiracy and fraud claims based on the alleged transfer or misappropriation of property were made in the exercise of Appellants' right of association. To meet this burden, Appellants were required to prove that the communications were between individuals who joined together to collectively express, promote, pursue, or defend common interests. CIV. PRAC. & REM. § 27.001(2). This "common interest" "means something more than allegedly

---

[9]Suzann also requested that any Appellant found to be the alter ego of Michael be required to account for its "participation in the marketing and sale of [Suzann's] property and the disposition of funds received therefrom." A request for an accounting "may be a particular remedy sought in conjunction with another cause of action or it may be a suit in equity." *Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 675 (Tex. App.—Houston [14th Dist.] 2016, no pet.). If Suzann seeks an accounting in the form of a remedy, we do not address it separately from the underlying cause of action. *See Van Der Linden v. Khan*, 535 S.W.3d 179, 203 (Tex. App.—Fort Worth 2017, pet. denied) (holding that a request for relief under the TCPA "should be directed at the underlying legal action, not at the requested remedy"). However, if Suzann seeks to allege a suit for an equitable accounting, she must first show the right to an accounting. *Yeske*, 513 S.W.3d at 674. The only alleged basis that would support Suzann's request for an accounting is her breach-of-fiduciary-duty claim, which we have determined is not subject to the TCPA. *See id.* at 675 ("To be entitled to an accounting, a plaintiff usually must have a contractual or fiduciary relationship with the party from which the plaintiff seeks the accounting.").

tortious communications between individuals in the pursuit of a private business endeavor." *Blue Gold Energy Barstow, LLC v. Precision Frac, LLC*, No. 11-19-00238-CV, 2020 WL 1809193, at *6 (Tex. App.—Eastland Apr. 9, 2020, no pet.) (mem. op.); *see also David H. Arrington Oil & Gas Operating, LLC v. Wilshusen*, No. 11-19-00318-CV, 2020 WL 5241131, at *4 (Tex. App.—Eastland Sept. 3, 2020, pet. denied). Rather, there must be a citizen or public component to the "common interest" in order to constitute the "right of association" as defined by the TCPA. *Norwich v. Jack N. Mousa, Ltd.*, No. 11-19-00339-CV, 2020 WL 2836789, at *5 (Tex. App.—Eastland May 29, 2020, pet. denied) (mem. op.); *Blue Gold Energy*, 2020 WL 1809193, at *6.

Suzann's claims against Appellants for conspiracy and fraud are factually predicated on alleged communications by the tortfeasors about the transfer or misappropriation of property. The only common interest alleged by these communications was that Michael and Appellants (among other entities and individuals) joined together to conceal the location of Suzann's property for their own pecuniary benefit. These communications do not relate to a matter of public or community interest. *See Blue Gold Energy*, 2020 WL 1809193, at *6; *see also Pollard v. Pollard*, No. 05-19-00240-CV, 2021 WL 423166, at *4 (Tex. App.—Dallas Feb. 8, 2021, no pet.) (mem. op.) (holding that nonmovant's allegations that movant and others joined together to deprive nonmovant of his property did not implicate public participation necessary for movant to establish that she was exercising her right of association under the TCPA); *Gaskamp*, 596 S.W.3d at 476 (concluding that conduct and communications that "benefitted only the five alleged tortfeasors" did not constitute the exercise of the right of association under the TCPA where there were "no allegations that the tortfeasors 'join[ed] together to collectively express, promote, pursue, or defend' any public or community interests").

Accordingly, as to Suzann's conspiracy and fraud claims based on the transfer or misappropriation of property, the trial court did not err when it determined that Appellants failed to establish the common interest necessary to constitute the exercise of the right of association under the TCPA.

We hold that Appellants failed to establish that the TCPA applies to any of Suzann's claims. We, therefore, overrule Appellants' first issue. Based on our resolution of that issue, we need not consider Appellants' second issue in which they complain that Suzann failed to establish by clear and specific evidence a prima facie case of each essential element of her claims. *See* TEX. R. APP. P. 47.1; *Blue Gold Energy*, 2020 WL 1809193, at *8.

In their third issue, Appellants contend that the trial court erred when it found that the motions to dismiss were frivolous and filed solely for purposes of delay and when it awarded attorney's fees to Suzann. We review the trial court's decision to award attorney's fees under the TCPA for an abuse of discretion. *Caliber Oil & Gas, LLC v. Midland Visions 2000*, 591 S.W.3d 226, 242 (Tex. App.—Eastland 2019, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without regard to guiding principles. *Id.* at 242–43; *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

"[T]o secure an award of attorney's fees from an opponent, the prevailing party must prove that: (1) recovery of attorney's fees is legally authorized, and (2) the requested attorney's fees are reasonable and necessary for the legal representation, so that such an award will compensate the prevailing party generally for its losses resulting from the litigation process." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019). Pursuant to the TCPA, the trial court has discretion to award costs and reasonable attorney's fees to a nonmovant if it determines that the motion to dismiss was frivolous or solely

intended to delay. Civ. Prac. & Rem. § 27.009(b); *Caliber*, 591 S.W.3d at 243. Here, the trial court found that Appellants' motions to dismiss were both frivolous and solely intended to delay and (1) as to Clayton Mountain and Clayton Mountain Resort, awarded Suzann $8,178 for attorney's fees in the trial court and (2) as to the remaining Appellants, awarded Suzann $12,789 for attorney's fees in the trial court and additional attorney's fees on appeal.

A motion to dismiss under the TCPA is frivolous if it has no basis in law or fact and lacks a legal basis or legal merit. *Caliber*, 591 S.W.3d at 243. In their motions to dismiss, Appellants argued that the TCPA applied because Suzann's claims were based on Appellants' exercise of the right of association. As discussed above, Appellants established that Suzann's claims for fraud and for conspiracy based on the alleged transfer or misappropriation of property were necessarily premised on communications. The issue, therefore, is whether Appellants' contention that those communications related to a "common interest" under the TCPA had a legal basis or legal merit.

When Appellants filed the motions to dismiss, there was a split among the courts of appeals as to whether the "common interest" necessary for the exercise of the right of association as defined by the TCPA included a "citizen" or "public" component. *See Stallion Oilfield Servs. Ltd. v. Gravity Oilfield Servs., LLC*, 592 S.W.3d 205, 222 (Tex. App.—Eastland 2019, pet. denied). Several courts of appeals had specifically determined that communications between individuals for the purpose of engaging in a business enterprise constituted the "exercise of the right of association," even if those communications involved confidential information misappropriated from the nonmovant. *See id.* We have now held that the "common interest" necessary to constitute the "exercise of the right of association" under the TCPA requires a "citizen" or "public" component. *See Norwich*, 2020 WL 2836789,

19

at *5; *Blue Gold Energy*, 2020 WL 1809193, at *6. However, at the time that Appellants filed their motions to dismiss, we had not addressed the unsettled law, and Appellants had a basis in law to assert that the TCPA applied to Suzann's claims. *See Stallion Oilfield*, 592 S.W.3d at 222; *see also Keane Frac, LP v. SP Silica Sales, LLC*, 608 S.W.3d 416, 433 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (holding that motion to dismiss was not frivolous based on the "unclear state of the law at the time" that appellant filed the motion). Therefore, the trial court erred when it determined that Appellants' motions to dismiss were frivolous. *See Grand Parkline, LLC v. Mama Fu's Lakeline, LLC*, No. 03-19-00683-CV, 2020 WL 7050375, at *6 (Tex. App.—Austin Dec. 2, 2020, no pet.) (mem. op.)

The trial court also found that Appellants filed the motions to dismiss solely to delay. Although Suzann argues that Appellants are simply attempting to delay the proceedings against Michael, the disputed issue of whether Appellants are the alter egos of Michael has not been resolved and we must determine whether the record reflects that Appellants filed the motion with the sole intent to delay the proceedings. *See* CIV. PRAC. & REM. § 27.009(b). Appellants timely filed the TCPA motions to dismiss.[10] *See id.* § 27.003(b) (Absent an extension on a showing of good cause, a "motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action."). And, as a

---

[10]In *Borderline Management, LLC v. Ruff*, a prior appeal of the trial court's denial of a TCPA motion to dismiss filed in this litigation, we focused on the issue of whether the motion to dismiss was filed timely. No. 11-19-00152-CV, 2020 WL 1061485, at *8 (Tex. App.—Eastland Mar. 5, 2020, pet. denied) (mem. op.). Suzann named Borderline as a defendant in her second amended petition. *Id*. at *1. More than a year after it was served with the second amended petition, Borderline filed a TCPA motion to dismiss. *Id*. In holding that the trial court did not abuse its discretion when it found that Borderline's motion to dismiss was solely intended to delay, we noted (1) that Borderline had engaged in extensive discovery and motion practice before it filed the motion to dismiss; (2) that Borderline 's counsel admitted that, despite Borderline being the manager of certain limited liability companies, Michael remained in charge of "operations" at the 7R Ranch; and (3) that the trial court found that two entities that had filed for bankruptcy were managed by Borderline, but controlled by Michael, and noted that other courts had found that Michael had "engaged in a pattern of delay and obstruction." *Id.* at *9.

discussed above, Appellants had a valid basis in both law and fact to seek the dismissal of the claims against them. On this record, the trial court erred when it found that the motions to dismiss were solely intended to delay. *See id.* (holding that trial court abused its discretion when it found that TCPA motion to dismiss was solely intended to delay when TCPA motion was filed timely and the record did not reflect that the motion was motivated solely by delay).

We sustain Appellants' third issue.

*This Court's Ruling*

We reverse the portions of the trial court's January 16, 2020 and February 18, 2020 orders in which it awarded attorney's fees to Suzann and render judgment that Suzann take nothing on her request for attorney's fees. We otherwise affirm the trial court's January 16, 2020 and February 18, 2020 orders.

JOHN M. BAILEY

CHIEF JUSTICE

August 5, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.